Filed 9/17/25  P. v. Williams CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HENRY LEE WILLIAMS,<br><br>    Defendant and Appellant. | D083922<br><br><br>(Super. Ct. No. SCD139596) |


APPEAL from a judgment of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley, and Evan Stele, Deputy Attorneys General, for Plaintiff and Respondent.

Henry Lee Williams appeals from an amended judgment after resentencing pursuant to Penal Code,[1] section 1172.75. Williams contends the sentencing court erred by denying his motion for resentencing based on an erroneous dangerousness finding. We reject Williams's arguments and affirm.

PROCEDURAL BACKGROUND[2]

A jury convicted Williams of seven counts of lewd acts with a child under 14 years old. (§ 288, subd. (a).) In a bifurcated proceeding, the trial court found true that Williams had a felony sex prior (§ 667.61, subds. (a), (c), & (d)), two prison priors (§ 667.5, subd. (b)), a serious felony prior (§§ 667, subd. (a)(1); 1192.7, subd. (c)(3)), and two prior strike convictions (§§ 667, subds. (b)–(i), 1170.12), and that he qualified as a habitual sex offender (§ 667.71, subd. (a)). The court sentenced Williams to a prison term of 75 years to life plus six years, composed of three consecutive, and four stayed, Three Strikes terms of 25-years-to-life for each count of lewd acts; a consecutive five-year enhancement for his serious felony prior; and one consecutive, and one stayed, one-year enhancements for his prison priors.

The California Department of Corrections and Rehabilitation identified Williams as currently serving a sentence that included at least one newly invalid prison prior enhancement, rendering him eligible for resentencing under section 1172.75. In February 2024, Williams filed a motion for resentencing under section 1172.75. He requested the sentencing court strike his invalid executed prison prior enhancement under section 1172.75, and exercise its discretion to strike his five-year serious felony prior enhancement

---

[1] Undesignated statutory references are to the Penal Code.

[2] The facts of Williams's conviction are not material to the issues presented in this appeal.

under section 1385. At the resentencing hearing, the court struck both Williams's executed and stayed prison prior enhancements. However, it declined to strike Williams's serious felony prior enhancement, finding "by clear and convincing evidence that the lesser sentence would endanger public safety . . . ." The court's order reduced Williams's sentence by one year, to 75 years to life plus five years.[3]

## DISCUSSION

Before 2019, section 667.5, subdivision (b), required trial courts to " 'impose a one-year term for each prior separate prison term or county jail term' served for a felony . . . ." (*People v. Rhodius* (2025) 17 Cal.5th 1050 1054 (*Rhodius*).) In 2019, the Legislature amended section 667.5, subdivision (b), "to eliminate prior-prison-term enhancements for all prior crimes except for 'sexually violent offense[s] as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.' " (*Rhodius*, at p. 1054.) The Legislature then made this change retroactive through the enactment of current section 1172.75, which provides: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense

---

[3] The original record before us did not contain an amended abstract of judgment reflecting the sentencing court's striking of the two prior prison enhancements. After we ordered supplemental briefing in this matter, the sentencing court issued an amended abstract of judgment, and the People attached a copy of the amended abstract as an exhibit to their supplemental brief. The amended abstract reflects the sentencing court's striking of the prison prior enhancements, as well as the resulting reduced sentence of 75 years to life plus five years. The parties agree Williams's new sentence is 75 years to life plus five years, as reflected in the amended abstract of judgment. We construe the People's attachment of the exhibit to their supplemental brief as a motion to augment the record with the amended abstract of judgment. We grant the motion. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

3

as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (§ 1172.75, subd. (a); *Rhodius*, at p. 1054.)

"A defendant serving a term for a judgment that includes a now-invalid enhancement is entitled to resentencing." (*Rhodius, supra*, 17 Cal.5th, at p. 1055.) Section 1172.75 mandates that "[r]esentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety," and "shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).)

Williams argues the sentencing court erred by denying his resentencing petition under section 1172.75 based on a finding of dangerousness. Specifically, Williams argues the sentencing court erroneously based its dangerousness finding on the facts of Williams's past offenses, rather than his postconviction conduct, and failed to consider the length of Williams's sentence or the requirement that any future release would have to first be approved by the parole board.

Although portions of the record below reflect some ambiguity in the sentencing court's analysis, it is apparent from the court's cumulative orders and actions that it did not deny Williams's resentencing petition under section 1172.75, as Williams contends. Rather, the court granted Williams's resentencing petition and conducted a full resentencing hearing, at which it struck both Williams's prison prior enhancements and reduced his sentence by one year. Williams thus obtained resentencing and was sentenced to a "lesser term," which is the relief to which he claims entitlement in his briefing. Because the court reduced Williams's sentence under section 1172.75, it was not required to make a dangerousness finding under this

4

provision. (§ 1172.75, subd. (d)(1) ["Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety."]; see *People v. Garcia* (2024) 101 Cal.App.5th 848, 854, 856 (*Garcia*) [dangerousness analysis under § 1172.75, subdivision (d), required only where sentencing court declines to reduce a defendant's sentence].) And, because the sentencing court was not obligated to conduct a dangerousness analysis in connection with its section 1172.75 resentencing decision, Williams's arguments regarding the propriety of the dangerousness analysis under section 1172.75 necessarily fail.

Rather than making a finding of dangerousness with respect to its consideration of Williams's resentencing motion under section 1172.75, the court made its dangerousness finding in relation to its denial of Williams's motion to dismiss his five-year serious felony prior enhancement under section 1385. Williams argues only that he is entitled to a further reduction of his sentence—beyond the one-year reduction he obtained—as part of his resentencing under section 1172.75, subdivision (d). But, even if we assume the sentencing court's dangerousness finding related to, and was required by, section 1172.75, Williams has not shown the court abused its discretion in finding a further reduction in his sentence would endanger public safety. (*Garcia, supra*, 101 Cal.App.5th at p. 856 [we review for abuse of discretion a lower court's finding that reduction in sentence under § 1172.75 would endanger public safety].)

In considering whether a risk to public safety exists under section 1172.75, subdivision (d), "[t]he court may consider postconviction factors, including, but not limited to, the disciplinary record and record of

5

rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Id.* at subd. (d)(3).) " ' "[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 376–377.)

The sentencing court meaningfully considered the postconviction factors recognized in section 1172.75 and highlighted by Williams here, such as his lack of a prison disciplinary record, his significant efforts at rehabilitation, and his current age and the age he would be at the time of his possible parole. After acknowledging these positive factors, the court reasonably concluded this progress did not overcome Williams's substantial history of dangerous conduct.

Lastly, Williams has not shown the sentencing court was required to consider factors such as the defendant's potential release date if the enhancement is dismissed and the fact that parole release was subject to review by Board of Parole Hearings and the Governor, as required by this court's decision in *People v. Gonzalez* (2024) 103 Cal.App.5th 215. In *Gonzalez*, we considered the propriety of a sentencing court's refusal to exercise its discretion to dismiss a sentencing enhancement under section 1385 based on a finding of dangerousness. (*Id.* at p. 229.) Williams has not shown *Gonzalez* has any application to the sentencing court's finding here

6

that a reduction of Williams's sentence under the factors recognized in section 1172.75 would endanger public safety. In any event, the record does not reflect that the court disregarded Williams's age or potential release date when considering dangerousness. As noted, the court considered factors such as the age Williams would be at the time of his possible parole and generally conducted a "forward looking-inquiry" with respect to dangerousness. (See *People v. Williams* (2018) 19 Cal.App.5th 1057, 1063 [in conducting resentencing analysis under section 1170.126, court should conduct "forward looking-inquiry" to determine whether resentencing would pose unreasonable risk of danger to society]; § 1172.75, subd. (d)(3).)[4]

DISPOSITION

The judgment is affirmed.

O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.

---

[4] In our order for supplemental briefing in this matter, we invited the parties to address whether the trial court properly struck Williams's previously stayed prior prison enhancement. Neither party challenges the striking of this enhancement, so we do not address this issue.

7